1  PHILLIP A. TALBERT
United States Attorney
2  KAREN A. ESCOBAR
Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
Fresno, CA 93721
4  Telephone: (559) 497-4000
Facsimile:  (559) 497-4099
5

6  Attorneys for Plaintiff
United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,            CASE NO.  1:21-CR-00208-DAD-BAM

12                    Plaintiff,          STIPULATION TO VACATE MOTIONS
                                          HEARING, SET STATUS CONFERENCE, AND
13            v.                          EXCLUDE TIME PERIODS UNDER SPEEDY
                                          TRIAL ACT; AND ORDER
14  WES PARKER MCDANIEL,
                                          DATE: April 27, 2022
15                                        TIME: 9:00 a.m.
                    Defendant.            COURT: Hon. Dale A Drozd
16

17

18                              **BACKGROUND**

19          This case is set for a motions hearing on April 27, 2022.  On May 13, 2020, this Court issued

20  General Order 618, which suspends all jury trials in the Eastern District of California "until further

21  notice."   Under General Order 618, a judge "may exercise his or her authority to continue matters,

22  excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued

23  on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion."

24  General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-by-case

25  exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of

26  counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will

27  impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  This and previous

28  General Orders were entered to address public health concerns related to COVID-19.

        Although the General Orders address the district-wide health concern, the Supreme Court has

1  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

2  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

3  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

4  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

5  509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

6  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

7  or in writing").

8      Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

9  and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-

10  justice continuances are excludable only if "the judge granted such continuance on the basis of his

11  findings that the ends of justice served by taking such action outweigh the best interest of the public and

12  the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable

13  unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that

14  the ends of justice served by the granting of such continuance outweigh the best interests of the public

15  and the defendant in a speedy trial."  *Id.*

16      The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

17  T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

18  natural disasters, or other emergencies, this Court has discretion to order a continuance in such

19  circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

20  following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

21  recognized that the eruption created "appreciable difficulty" for the trial to proceed.  *Id.* at 767-69; *see*

22  *also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time

23  following the September 11, 2001 terrorist attacks and the resultant public emergency).

24      The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt

25  proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-

26  exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act

27  continuances "in the context of the COVID-19 pandemic."  *United States v. Olsen*, --- F.3d ---, 2021 WL

28  1589359 at *7 (9th Cir. Apr. 23, 2021).  That non-exhaustive list includes:  (1) whether a defendant is

1  detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked

2  speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a

3  population that is particularly susceptible to complications if infected with the virus; (5) the seriousness

4  of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes;

5  (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed;

6  and (7) whether the district court has the ability to safely conduct a trial.  *Id.*

7       In light of the foregoing, this Court should consider the following case-specific facts in finding

8  excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7)

9  (Local Code T4).  If continued, this Court should designate a new date for the status conference.  *United*

10  *States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be

11  "specifically limited in time").

12                                    **STIPULATION**

13       Plaintiff United States of America, by and through its counsel of record, and defendant, by and

14  through defendant's counsel of record, hereby stipulate as follows:

15       1.     By previous order, this matter was set for a status conference on April 27, 2022.

16       2.     By this stipulation, defendant now moves to vacate the motions hearing, continue the

17  matter for a status conference until August 10, 2022, and to exclude time between April 27, 2022, and

18  August 10, 2022, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

19       3.     The parties agree and stipulate, and request that the Court find the following:

20            a)     The government has represented that the discovery associated with this case

21  includes investigative reports produced in electronic form.  All of this discovery has been either

22  produced directly to counsel and/or made available for inspection and copying.

23            b)     Counsel for defendant desires additional time to meet with his client and review

24  the government's proposed plea offer with the defendant.

25            c)     Counsel for defendant believes that failure to grant the above-requested

26  continuance would deny him the reasonable time necessary for effective preparation, taking into

27  account the exercise of due diligence.

28            d)     The government does not object to the continuance.

STIPULATION                           3

In addition to the public health concerns cited by the General Orders and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because, in this district, the Court has begun to schedule a limited number of trials with several precautions designed to protect trial participants from possible infection with the coronavirus. For example, the Court plans to hold only one trial per floor at one time, thus limiting the number of trials that can be safely scheduled at any given time.

e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 4, 2022 to August 10, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  April 20, 2022                                        PHILLIP A. TALBERT
                                                            United States Attorney


                                                             /s/ KAREN A. ESCOBAR
                                                            KAREN A. ESCOBAR
                                                            Assistant United States Attorney

Dated:  April 20, 2022                                    /s/ DAVID WALTER WASHINGTON
                                                          DAVID WALTER WASHINGTON
                                                          Counsel for Defendant
                                                          WES PARKER MCDANIEL


## <u>ORDER</u>

IT IS SO ORDERED that the status conference is continued from April 27, 2022, to **August 10, 2022, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).


IT IS SO ORDERED.


Dated:   **April 21, 2022**                       /s/ *Barbara A. McAuliffe*
                                                  UNITED STATES MAGISTRATE JUDGE

STIPULATION                                       5